WILSON TURNER KOSMO LLP
LOIS M. KOSCH (131859)
MICHAEL R. MINGUET (204027)
402 West Broadway, Suite 1600
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:  (619) 236-9669
E-mail:  lkosch@wilsonturnerkosmo.com
E-mail:  mminguet@wilsonturnerkosmo.com

Attorneys for Defendants
CARDINAL HEALTH 110, LLC and
GREGORY AUSTIN

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIANA BORBOA,<br><br>             Plaintiff,<br><br>      v.<br><br>CARDINAL HEALTH 110, LLC, GREGORY AUSTIN and DOES 1 through 50, inclusive<br><br>             Defendants. | Case No.<br><br>**DEFENDANT GREGORY AUSTIN'S NOTICE OF REMOVAL**<br><br>[Removed from Fresno County Superior Court, Case No. 25CECG03504]<br><br>Complaint Filed:  July 28, 2025 |

**TO THE HONORABLE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant GREGORY AUSTIN ("Defendant Austin") hereby removes the above-entitled action from the Superior Court of the State of California, County of Fresno, to the United States District Court for the Eastern District of California.  Defendant Cardinal Health 110, LLC consents to and joins in this removal.

This Court has original subject matter jurisdiction over the lawsuit filed by Plaintiff CHRISTIANA BORBOA ("Plaintiff") pursuant to 28 U.S.C. section 1332(a) because complete diversity of citizenship exists between Plaintiff and the named defendants in this action, and the amount in controversy, as alleged in Plaintiff's Complaint, far exceeds $75,000.  Accordingly, removal is appropriate pursuant to 28 U.S.C. sections 1441(a) and 1446.

/ / /

DEFENDANT GREGORY AUSTIN'S NOTICE OF REMOVAL

## I.    STATEMENT OF JURISDICTION

1.    The District Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to 28 U.S.C. section 1441(a), because it is a civil action between "citizens of different States" wherein the amount placed in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

2.    Jurisdiction over the action within the District Court is proper on the grounds herein described, and the action is timely and properly removed upon the filing of this Notice.

## II.    PLEADINGS AND PROCESS

3.    On July 28, 2025, Plaintiff filed a Complaint in the Superior Court of the State of California, for the County of Fresno, entitled *Christiana Borboa v. Cardinal Health 110, LLC, et al.,* Case No. 25CECG03504 ("the Action").  A true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of Michael R. Minguet ("Minguet Dec.") filed concurrently with this Notice of Removal.  Minguet Dec. ¶ 2; s*ee also* 28 U.S.C. section 1446(a) (requiring submission of all process, pleadings, and orders served upon a removing defendant).

4.    Plaintiff's Complaint alleges the following causes of action: (1) Harassment Based on Sex/Gender in Violation of California Government Code Section12940(j)(1)[the California Fair Employment Housing Act, referred to herein as "FEHA"]; (2) Disparate Treatment—Discrimination Based on Sex/Gender in Violation of Government Code Section12940 et seq.; (3) Harassment Based on Marital Status in Violation of Government Code Section12940(j)(1); (4) Disparate Treatment—Discrimination Based on Marital Status in Violation of Government Code Section12940 et seq.; (5) Retaliation in Violation of Government Code Section 12940(h); (6) Retaliation in Violation of Government Code Section 12945.7; (7) Failure to Prevent Discrimination and Retaliation in Violation of Government Code Sections 12940(j)(1), (k); and (8) Wrongful Termination in Violation of Public Policy.  Causes of Action One and Three are stated against Defendant Austin.  All Causes of Action are stated against Defendant Cardinal Health 110, LLC.  Minguet Dec. ¶ 2, **Exhibit A**.

/ / /

/ / /

/ / /

-2-       Case No.
DEFENDANT GREGORY AUSTIN'S NOTICE OF REMOVAL

5.    Plaintiff served Defendant Cardinal Health 110, LLC pursuant to California Code of Civil Procedure section 416.10 by personally delivering the Summons and Complaint on August 11, 2025, to Defendant Cardinal Health 110, LLC's registered agent for service of process.  Minguet Dec. ¶ 3.  In addition to the Complaint, Plaintiff served the following additional documents on Defendant Cardinal Health 110, LLC: Summons, Civil Case Cover Sheet, Notice of Case Management Conference and Assignment of Judge for All Purposes, Alternative Dispute Resolution Information Packet, California Civil Rights Department Complaint of Employment Discrimination, and California Civil Rights Department Notice of Case Closure and Right to Sue correspondence.  A true and correct copy of each of these documents is attached collectively as **Exhibit B** to the Declaration of Michael Minguet filed concurrently herewith.  Minguet Dec. ¶ 3.

6.    On October 7, 2025, Defendant Cardinal Health 110, LLC filed and served its Answer to Plaintiff's Complaint in the Superior Court of the State of California, for the County of Fresno.  A true and correct conformed copy of Defendant Cardinal Health 110, LLC's Answer is attached as **Exhibit C** to the Declaration of Michael Minguet.  Minguet Dec. ¶ 4.

7.    By email dated October 3, 2025, Plaintiff served on Defendants' counsel a Notice and Acknowledgment of Receipt regarding Defendant Austin, along with the Complaint and additional documents attached collectively as **Exhibit B** to the Declaration of Michael Minguet filed concurrently herewith.  Minguet Dec. ¶ 5.  The Notice and Acknowledgment of Receipt was executed on behalf of Defendant Austin and served on Plaintiff's counsel on October 28, 2025.  A true and correct copy of the executed Notice of Acknowledgment and Receipt on behalf of Defendant Austin is attached as **Exhibit D** to the Declaration of Michael Minguet.  Minguet Dec. ¶ 5.

8.    On October 29, 2025, Defendant Austin filed and served his Answer to Plaintiff's Complaint in the Superior Court of the State of California, for the County of Fresno.  A true and correct conformed copy of Defendant Austin's Answer is attached as **Exhibit E** to the Declaration of Michael Minguet.  Minguet Dec. ¶ 6.

9.    Defendant Cardinal Health 110, LLC consents to and joins this removal.  No other parties have been named or served, and no other party has appeared in the Action.  Minguet Dec. ¶ 7; 28 U.S.C section 1446(b)(2)(A).

-3-      Case No.

DEFENDANT GREGORY AUSTIN'S NOTICE OF REMOVAL

10.    Pursuant to 28 U.S.C. section 1446(a), and to the best of Defendant Austin's knowledge, **Exhibits A through E** constitute all the process, pleadings, and orders served in this action at the time of this removal, excluding written discovery and deposition notices served by Plaintiff on Defendant Cardinal Health 110, LLC.  Minguet Dec. ¶ 8.

## III.    TIMELINESS OF REMOVAL

11.    Defendant Austin is timely filing this Removal within thirty (30) days after the execution of the Notice and Acknowledgment of Receipt of Plaintiff's Summons and Complaint (and, in fact, within thirty (30) days of receipt of the Notice and Acknowledgment of Receipt served on October 3, 2025) and within one (1) year of the commencement of the Action.  Minguet Dec. ¶ 9. Removal, therefore, is timely within the time mandated by 28 U.S.C. section 1446(b) through (c) and the Federal Rules of Civil Procedure.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (noting the time for removal is triggered by the actual service of the Complaint, rather than its receipt by other means); Fed. Rules Civ. Proc. 6(a).

12.    No previous Notice of Removal has been filed within this Court for the relief sought herein.

## IV.    VENUE

13.    Venue is proper when an action is removed "to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. section 1441(a).  Plaintiff initially filed this action in the Superior Court of the State of California, for the County of Fresno, which sits within the Eastern District of California.  28 U.S.C. section 84(b).

14.    Venue also is proper in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. section 1391(b)(2).  Here, Plaintiff alleges the work that is the subject of this Action "arose and was performed" by Plaintiff in Fresno County, California.  Minguet Dec. ¶ 2, **Exhibit A** (Complaint ¶ 21).

/ / /

/ / /

/ / /

-4-        Case No.

DEFENDANT GREGORY AUSTIN'S NOTICE OF REMOVAL

## V.    THIS COURT MAY EXERCISE TRADITIONAL DIVERSITY JURISDICTION PURSUANT TO SECTION 1332(a)

15.    This case meets the requirements of 28 U.S.C. section 1332(a) and may be removed pursuant to 28 U.S.C. section 1441 because it is a civil action: (1) "between citizens of different States"; (2) wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C. sections 1332(a), 1441.

### A.    COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

16.    Under the traditional diversity statute, provided that the amount in controversy is established, the District Court "shall have original jurisdiction of all civil actions . . . between . . . Citizens of different States."  28 U.S.C. section 1332(a)(l).

17.    For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which she is domiciled.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  *Id*.  A plaintiff's place of residency is evidence of her domicile absent affirmative allegations to the contrary.  *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."); *Barrera v. W. United Ins.* Co., 567 F. App'x 491, 492 n.1 (9th Cir. 2014) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary"), quoting *Anderson v. Watt*, 138 U.S. 694, 706 (1891).  Further, a person's intention to remain may be established by their place of employment.  *Youn Kyung Park v. Holder*, 572 F.3d 619, 625 (9th Cir. 2009); *see also Francisco v. Emeritus Corp.*, 2017 U.S. Dist. LEXIS 90131, at *10 (C.D. Cal. Jun. 12, 2017) ("Plaintiff's residence and employment in California are sufficient evidence of his intent to remain in California.").

18.    At the time of the filing of the Complaint and this Notice of Removal, Plaintiff was and still is a citizen of California.  Plaintiff concedes she is and was a "resident and citizen" of Fresno County, California at all times relevant to the Complaint.  Minguet Dec. ¶ 2, **Exhibit A** (Complaint ¶ 1).  Plaintiff's residence is *prima facia* evidence that she is domiciled in California for purposes of diversity.  *State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir.

DEFENDANT GREGORY AUSTIN'S NOTICE OF REMOVAL

1994); *see also Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 U.S. Dist. LEXIS 21162, at *9-10 (E.D. Cal. Mar. 18, 2008); *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

19.     Defendant Austin is and was at all times relevant to the Complaint domiciled in Seattle, Washington.  Declaration of Gregory Austin ¶ 2.  In fact, Plaintiff's California Civil Rights Department Complaint of Employment is addressed to Defendant Austin's Seattle, Washington residence.  Minguet Dec. ¶ 3, **Exhibit B**.

20.     For diversity purposes, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Further, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business.  *Id.*; s*ee* 28 U.S.C. section 1332(c)(1).  As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010), "the phrase 'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities."  This is often referred to as the corporation's "nerve center," which will typically be found at its corporate headquarters.  *Id*. at 80-81.

21.     Defendant Cardinal Health 110, LLC is a limited liability company organized in the State of Delaware and with a headquarters and principal place of business in Dublin, Ohio.  The sole member of Cardinal Health 110, LLC is Cardinal Health, Inc.  The principal place of business of Cardinal Health, Inc. is in Dublin, Ohio, where the corporate officers direct, control, and coordinate the corporation's activities.  Declaration of Laura Garza ¶ 3; *see also* Defendant Cardinal Health 110, LLC's Corporate Disclosure Statement filed concurrently herewith.  Thus, Defendant Cardinal Health 110, LLC is a citizen of Delaware and Ohio for diversity purposes.

22.     The Complaint names DOES 1 through 50 as fictious defendants.  Minguet Dec. ¶ 2, **Exhibit A**.  Pursuant to 28 U.S.C. section 1441(b)(1), the citizenship of the defendants sued under fictitious names must be disregarded for purposes of determining diversity of citizenship between the parties to an action.

23.     Given the above, the citizenship of the parties to the Action is diverse pursuant to 28 U.S.C. section 1332(a)(1).

DEFENDANT GREGORY AUSTIN'S NOTICE OF REMOVAL

**B.    PLAINTIFF'S COMPLAINT PLACES MORE THAN $75,000 IN CONTROVERSY**

24.    Without admitting Plaintiff could recover monetary damages and/or statutory penalties, Defendant Austin asserts that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

25.    As the U.S. Supreme Court has held under 28 U.S.C. section 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  The Supreme Court further held this language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id*.

26.    In cases in which the existence of diversity jurisdiction depends on the amount in controversy, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

27.    The substance of Plaintiff's claims plainly demonstrates that it is "more likely than not" that the amount in controversy exceeds $75,000 in this case.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Garcia v. Roadlink USA Pac., LLC*, No. SACV 11-0445 DOC, 2011 WL 2261273, at 2 (C.D. Cal. June 7, 2011). District Courts must presume plaintiffs will prevail on each and every one of their claims for relief.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (noting the amount in controversy analysis presumes that "plaintiff prevails on liability").  In addition, the Court must consider all recoverable damages, including liquidated damages and punitive damages.  *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)

28.    "[C]alculation of the amount in controversy takes into account claims for 'general' damages, 'special' damages, punitive damages if recoverable as a matter of law, and attorneys' fees recoverable by statute or contract." *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984, 986

(S.D. Cal. 2005) (It's not a question of what you would owe. It's a question as to what is in controversy."); see also *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Plaintiff's causes of action, the prayer for relief, and findings in other cases making similar demands illustrate the reasonableness of Defendant Austin's good faith belief and calculation that the amount in controversy in this Action more likely than not exceeds $75,000.

29.    Where, as here, a plaintiff does not specifically plead the amount of damages that she seeks, the court must look beyond the complaint to determine whether the lawsuit meets the jurisdictional requirement. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 998, n.4 (9th Cir. 2007); *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 690 (9th Cir. 2006).

30.    Defendants dispute liability for any damages whatsoever to Plaintiff.  The Complaint does not specify the amount Plaintiff seeks to recover but instead seeks a variety of damages (generally and specifically in regard to her causes of action against Defendant Austin), including but not limited to economic damages, non-economic damages, punitive damages, and attorneys' fees. Minguet Dec. ¶ 2, **Exhibit A** (Complaint, ¶¶ 32, 33, 44, 45, and Prayer for Relief ¶¶ 1-5 at page 18). The fact Plaintiff's Complaint does not place a firm dollar value on damages sought does not preclude removal.  Considering "litigation realities," courts routinely find employment cases alleging discrimination related claims and seeking similar damages satisfy the amount in controversy requirement without any further showing by the defense. *See, e.g., Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-CV-01945-JCS, 2016 WL 3902838, at *1 (N.D. Cal. July 19, 2016) (amount-in-controversy requirement satisfied in wrongful termination case seeking lost wages, equitable relief, restitution, emotional distress damages, punitive damages, and attorneys' fees and costs); *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW (JC), 2016 WL 589853, at *1–2 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in employment discrimination case seeking lost earnings, emotional distress and punitive damages, and attorneys' fees); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1032, 1035 (N.D. Cal. 2002) (amount-in-controversy requirement satisfied in employment discrimination case seeking compensatory damages, punitive damages, emotional distress damages, injunctive relief, and attorneys' fees). Thus, removal is proper based on this Court's diversity jurisdiction.

DEFENDANT GREGORY AUSTIN'S NOTICE OF REMOVAL

**Purported Economic and Non-Economic Damages:**

31.    With respect to economic damages, Plaintiff seeks "past and future lost wages, lost employee benefits (with interest on said amounts), diminished employability, [and] other economic injury."  Minguet Dec. ¶ 2, **Exhibit A** (Complaint, Prayer for Relief ¶ 1 at page 18).  Defendants deny Plaintiff is entitled to recover any economic damages.  Per the Complaint, Plaintiff was formerly employed by Defendant Cardinal Health 110, LLC as a sales manager from on or about March 14, 2022, until on or about April 21, 2025.  *Id*. (Complaint ¶¶ 1, 7).  Plaintiff's compensation in 2023 was approximately $97,560; in 2024, approximately $110,535.  Garza Dec. ¶ 3.  With respect to past lost wages, by extrapolating a weekly pay rate based on her 2024 compensation from April 22, 2025, through the date of this Removal (approximately 27 weeks), Plaintiff is seeking at least $57,393 in past lost wages alone.  *Simmons*, 209 F. Supp. 2d at 1032 (district courts rely on the general rule that lost wages in a wrongful termination case may reasonably be calculated from the date of termination to the date of removal).

32.    In addition, the Complaint does not allege that Plaintiff has secured alternative employment since her termination, and she specifically seeks "future" lost earnings.  Thus, her future lost earnings should be included in a determination of lost wages.  *Brady v. Mercedes-Benz USA, Inc*., 243 F.Supp.2d 1004, 1011 n. 4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys [sic] fees likely to be incurred cannot be estimated at the time of removal.").  Moreover, Plaintiff specifically seeks damages for "diminished employability."  Minguet Dec. ¶ 2, **Exhibit A** (Complaint, Prayer for Relief ¶ 1 at page 18).  Conservatively assuming a trial will start approximately one year from date of this Removal, Plaintiff's damages for future lost wages would total at least $110,535 based on her 2024 compensation.

33.    With respect to non-economic damages, Plaintiff seeks recovery for "emotional distress damages" against Defendants.  Minguet Dec. ¶ 2, **Exhibit A** (Complaint, Prayer for Relief ¶ 1 at page 18).  Again, Defendants deny Plaintiff is entitled to recover any damages.  However, even where economic damages are minimal, a plaintiff's claim for emotional distress damages can exceed

DEFENDANT GREGORY AUSTIN'S NOTICE OF REMOVAL

the jurisdictional threshold alone. *See, e.g., Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821-22 (1999) (affirming emotional distress damages award of over $450,000 on FEHA claim where plaintiff's economic damages were between less than $10,000 and at most $37,500); *see also Kroske*, 432 F.3d 976, 980 (9th Cir. 2005) (finding no clear error in district court's conclusion that emotional distress damages in FEHA action would add at least an additional $25,000 to plaintiff's claim).

**Punitive Damages:**

34.    Plaintiff also seeks punitive damages against Defendants.  Minguet Dec. ¶ 2, **Exhibit A** (Complaint, Prayer for Relief ¶ 3 at page 18).  "The amount in controversy may include punitive damages when they are recoverable as a matter of law." *Simmons*, 209 F. Supp. 2d at 1033, citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *see also Anthony v. Sec. Pac. Fin'l Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996)(holding amount in controversy may include punitive damages if (1) they are recoverable as a matter of state law and (2) it cannot be said to a legal certainty that plaintiff would not be entitled to recover the jurisdictional amount). Indeed, other FEHA discrimination related cases have resulted in substantial punitive damages awards. *See, e.g., Simmons*, 209 F. Supp. 2d at 1033 (citing punitive damages awards in employment discrimination cases ranging from $60,000 to $121,000,000).

**Attorneys' Fees:**

35.    Finally, Plaintiff seeks attorneys' fees from Defendants, which are recoverable by a prevailing plaintiff under the FEHA.  Minguet Dec. ¶ 2, **Exhibit A** (Complaint, Prayer for Relief ¶ 5 at page 18).  Except for Plaintiff's Eighth Cause of Action for Wrongful Termination in Violation of Public Policy, all her causes of action are statutory FEHA claims.  Because attorneys' fees are recoverable under FEHA, in assessing the amount in controversy, both prior and future estimated attorneys' fees are included in the calculation. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). "Employment claims have been found to require substantial effort from counsel." *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014) (internal quotations omitted).

/ / /

36.   While Defendants again deny any and all liability to Plaintiff, based on a conservative and good faith estimate of the value of the alleged damages, taken together, the amount in controversy "more likely than not" exceeds $75,000.  Indeed, in light of "litigation realities," courts routinely find employment cases alleging similar claims and seeking similar types of relief satisfy the amount in controversy requirement without any further showing by the defendant.  *See, e.g., Jones v. CLP Resources, Inc.,* No. CV 16-2133-GW(PLAX), 2016 WL 8950063, at *5 (C.D. Cal. May 23, 2016); *Carter v. Fannie Mae*, No. SACV 14- 01754-CJC, 2014 WL 7339208, at *2 (C.D. Cal. Dec. 23, 2014); *Rodriguez v. Boeing Co.*, No. CV 14-04265-RSWL, 2014 WL 3818108, at *4 (C.D. Cal. Aug. 1, 2014); *Mendoza v. American Airlines, Inc.*, No. CV 10-7617 RSWL, 2010 WL 5376375, at *3 (C.D. Cal. Dec. 22, 2010).  Accordingly, it cannot be denied that the amount in controversy exceeds the jurisdictional threshold set forth in 28 U.S.C. section 1332(a).

## VI.   THE OTHER REQUIREMENTS FOR REMOVAL ARE MET

37.   As required by Federal Rule of Civil Procedure 7.1, Defendants have concurrently filed the required Corporate Disclosure Statement and Notice of Parties with Financial Interest.

38.   Counsel for Defendants certifies they will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, for the County of Fresno, and give notice of same to counsel for Plaintiff.  Minguet Dec. ¶ 10.

## VII.   CONCLUSION

39.   Based on the foregoing, this Court has jurisdiction over this Action pursuant to 28 U.S.C. section 1332(a), and the Action may be removed to this Court under 28 U.S.C. section 1441(b).

40.   Should the propriety of removal be questioned, Defendant Austin requests leave to conduct jurisdictional discovery and provide further evidence and argument in support of removal. *See Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977).

/ / /

/ / /

/ / /

-11-      Case No.

DEFENDANT GREGORY AUSTIN'S NOTICE OF REMOVAL

41.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

Dated:      October 31, 2025                    **WILSON TURNER KOSMO LLP**


                                   By:      */s/ Lois M. Kosch*
                                         LOIS M. KOSCH
                                         MICHAEL R. MINGUET
                                         Attorneys for Defendants CARDINAL
                                         HEALTH 110, LLC and GREGORY
                                         AUSTIN

-12-      Case No.
DEFENDANT GREGORY AUSTIN'S NOTICE OF REMOVAL